EDWARD J. McMULLIN et al.

*v.*

McARTHUR ELECTRIC MANUFACTURING COMPANY.

[Submitted October 21st, 1907.   Decided October 23d, 1907.]

1. An application for the appointment of a receiver of a corporation on the ground of its insolvency is not defeated by proof that the misfortunes of the corporation are due to the wrongful conduct of complainant; any creditor or stockholder having a statutory right to apply for a receiver, and an application not being for the individual benefit of the applicant.

2. Where an application for the appointment of a receiver of a corporation on the ground of insolvency is filed, the court must ascertain whether insolvency exists and whether a receivership is necessary, or whether the corporation will be able to resume its business with safety to the public and advantage to its stockholders, and, where the evidence justifies the belief that the creditors will be paid and the business of the corporation resumed if a receiver is not appointed, a receiver will not be appointed.

---

On bill for receiver.

*Mr. Louis H. Miller,* for the complainants.

*Mr. Henry S. Alvord,* for the defendant.

LEAMING, V. C.

The affidavits filed on behalf of defendant company are mainly devoted to an effort to show that the misfortunes of the company are due to wrongful conduct on the part of complainant. Matters of that nature are wholly immaterial in a proceeding of this character, as this court is in no way concerned with the motives of complainant. Any creditor or stockholder, however, unworthy, has a statutory right to apply for a receiver. The application is not treated as one for his individual benefit. When such an application is filed the duty of this court is to ascertain whether insolvency exists and whether a receivership is necessary to secure to the creditors an equal distribution of the assets, or whether, on the other hand, the company will be able in a short time to resume its business with safety to the public and advantage to its stockholders. The affidavits supply but little data to aid the court in this important inquiry. I entertain the view, however, that the evidence supplied is sufficient to justify the belief that the creditors will all be paid and the business of the company resumed if no receiver is appointed.

I will advise an order discharging the order to show cause.