112        SUPREME COURT OF NEW MEXICO,

Dept. Store Co. v. Hat Co. 17 N. M. 112

[No. 1390, May 5, 1912.]

DEPARTMENT STORE COMPANY, a Corporation, Plaintiff in Error, v. GAUSS-LANGENBERG HAT COMPANY, a Corporation, Defendant in Error.

### SYLLABUS (BY THE COURT).

1. The denial of knowledge or information sufficient to form a belief as to the indebtedness and plaintiff's demand for payment is no denial at all; the facts being those which defendant must necessarily know.

2. Where the pleadings admitted that defendant corporation was unable to meet its obligations as they matured, its insolvency was admitted.

3. Under Laws 1905, chap. 79, sec. 72, providing that whenever a corporation shall become insolvent, or suspend its ordinary business from want of funds, any creditor or stockholder may apply for an injunction and a receiver, and a receiver shall be appointed unless it shall appear that the corporation is about to resume its business with safety to the public and advantage to the stockholders, while mere inability to meet pecuniary obligations as they mature will not warrant a receivership, it must appear that the insolvency is of such a character that the corporation will not be able to resume its business with safety to the public and advantage to its stockholders; but where a corporation is hopelessly insolvent, and is unable to procure insurance on its property, and there have been two fires in its stock of merchandise, the appointment of a receiver, is justified.

4. In a proceeding for the appointment of a receiver and issuance of an injunction to restrain an insolvent corporation from doing business, where the defendant's answer admitted its insolvency and inability to pay a large amount of debts, allegations that part of the indebtedness mentioned in the complaint was illegal were immaterial, constituting no defense.

5. In a proceeding for the appointment of a receiver and

Dept. Store Co. v. Hat Co. 17 N. M. 112

issuance of an injunction to restrain an insolvent corporation from continuing its business, where the corporation admitted its insolvency, allegations that the suit was maliciously instigated by one of the creditors of the corporation were immaterial, constituting no defense.

6. Under Laws 1905, chap. 79, sec. 72, providing that a receiver may be appointed of an insolvent corporation upon petition of a creditor or stockholder where it is shown by affidavits that the corporation is hopelessly insolvent and cannot resume business, the judgment appointing a receiver is a final judgment which cannot be vacated, so as to allow the defendant to further plead.

Error to District Court, Colfax County.

J. LEAHY, H. L. BICKLEY and L. S. WILSON, for Plaintiff in error.

The courts and text writers universally hold that the appointment of a receiver is a drastic remedy to be exercised only as a last resort. Rawnsley v. Ins. Co., 9 N. J. Eq. 95; Edison v. Phonograph Co., 29 Atl. 195; 34 Cyc. 21, 23, 76, 79, 80, 90; High on Receivers, 289-292; Thompson on Corporations, 6346.

A receiver should be appointed where a corporation has become insolvent and is not about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders. Chap. 79, sec. 72, laws 1905; Cook v. East T. Pottery Co., 30 Atl. 534; Atlantic T. Co. v. C. E. Storage Co., 23 Atl. 934; Newfoundland Ry. Co. v. Shack, 1 Atl. 23; Rawnsley v. Ins. Co., 9 N. J. Eq. 95; Edison v. Phonograph Co., 29 Atl. 195.

Complaint defective. 11 Pl. & Pr. 1046; 34 Cyc. 134; Clark v. Oil Co., 105 Fed. 787; Henderson v. Reynolds, 81 N. E. 494.

Judgment on pleadings improper. Comp. Laws 1897, sub-sec. 81, also sub-secs. 38-60, sec. 2685; Rourke v. Regnault, 32 N. Y. Supp. 794; Warner v. U. S. Land Ins. Co., 6 N. Y. Supp. 411; 11 Enc. Pl. & Pr. 1032-3; Cushing v.

Kisler, 9 Pac. 660; Yerkes v. Crum, 49 N. W. 424; 31 Cyc. 607; Balto v. Vandemont, 7 Pac. 753; Johnson v. Manning, 29 Pac. 101; Perrin v. Smith, 89 Pac. 648; Rice v. Bush, 27 Pac. 720.

Motion to strike parts of answer improperly allowed. Chap. 79, sec. 34, laws 1905; chap. 79, sec. 54, laws 1905; Tait v. Pegott, 73 Pac. 364; Hamor v. Taylor Rice Co., 84 Fed. Rep. 392; Park Hotel v. Bank, 86 Fed. 742; Bank v. Trust Co., 38 N. E. 713; Brill v. Norton, 75 N. E. 1090; Bowen v. Bank, 94 Fed. Rep. 925; 7 Cyc. 725; Central Trans. Co. v. Pullman, 139 U. S. 24; McCormick v. Bank, 165 U. S. 537; same p. 41; Lucas v. White Line Co., 30 N. W. 771; Martin v. Muncy, 3 So. R. 640; Trust Co. v. Boynton, 71 Fed. 801; sub-sec. 2, sec. 2685, Comp. Laws 1897.

JOHN MORROW and MANN & VENABLE, for Defendant in Error.

Writ of error in this case not for purpose of reviewing a final order and therefore cannot be maintained. Sacramento Valley Irrigation Co. v. Lee, 15 N. M. 567; chap. 79, secs. 72 and 73, laws of 1905; Pierce v. The Old Dominion Copper Mining & Smelting Co., 58 Atl. 349; Rawnsley v. The Trenton Mutual Life Ins. Co., 9 N. J. Eq. 95; Chavez v. Lucero, 13 N. M. 368; Territory v. Cordova, 11 N. M. 367; Neher v. Armijo, 11 N. M. 517.

The complaint sets out circumstances showing the plaintiff in error was an insolvent corporation. Empire State Trust Co. v. Trustees of Fisher, 67 N. J. Eq. 602; Natl. Bank of Metropolis v. Sprague, 21 N. J. Eq. 530; Skirm v. Eastern Rubber Mfg. Co. 57 N. J. Eq. 179; Catlin v. Vichachi Mining Co., 67 Atl. 194; Ft. Wayne Electric Corporation v. Franklin Electric Light Co., 57 N. J. Eq. 7; 41 Atl. 666; Rinehart v. Interstate Telephone Co., 63 Atl. 107; Martin v. Toof, 13 Wall. 47; Wagner v. Hall, 16 Wall. 584; Dutcher v. Wright, 94 U. S. 553; Citizens Bank & Trust Co. v. Union Mining & Gold Co., 106 Fed. 97.

The ordinary rules of pleading have no application whatever to our statutory action with reference to receiverships of insolvent corporations. C. R. I. & E. P. Ry. Co. v.

Wertheim, 15 N. M. 505; Phillips v. Phillips, 8 N. J. Law 122; Govan v. Jackson, 42 Ark. 553.

J. LEAHY, H. L. BICKLEY and L. S. WILSON, for Plaintiff in Error.

That no judgment or decree will be regarded as final within the meaning of the statute in reference to appeal unless all issues of law and fact necessary to be determined were determined and the case completely disposed of so far as the court had power to dispose of it. Pierce v. Old Dominion Copper Co., 67 N. J. Eq. 410; Sacramento Mining Co. v. Lee, 113 Pac. 834; Juna v. Myer, 11 N. M. 378; Machen v. Keeler, 68 Pac. 937.

Jurisdictional facts are never waived, and may be raised for the first time on appeal. W. U. Tel. Co. v. Sklar, 126 Fed. 295; Creswell v. Woodside, 46 Pac. 842; L. & N. R. Co. v. Williams, 21 So. 938; Hoy v. Leonard, 59 Pac. 229; Trott v. B. Ry. L. Co., 39 So. 716; Hoffman v. McCracken, 67 S. W. 878; Hudson v. Cahoon, 91 S. W. 72; Hudleson v. Bank, 71 N. W. 304; Goodwin v. Cadwallader, 61 N. E. 939; sub-sec. 39 sec. 2685, laws of 1897; Reinhardt v. Telephone Co., 63 Atl. 1102; McMullin v. McArthur Electric Mfg. Co., 68 Atl. 97; Cook v. E. T. Pottery Co., 30 Atl. 534; Ft. Wayne E. Co. v. Franklin E. Co., 40 Atl. 441.

## OPINION BY THE COURT.

PARKER, J.—This was an action brought in the District Court for Colfax County, under the provisions of section 72 and 73 of chapter 79 of the Laws of 1905, relating to insolvent corporations. An injunction was granted and a receiver appointed, ex parte; thereafter the plaintiff in error filed an answer, whereupon defendant in error filed a motion to strike out portion of the answer and a motion for judgment on the pleadings. These two motions came on for hearing and were argued, submitted and sustained by the Court. A decree was then entered continuing the injunction theretofore granted, and again appointing the same receiver and clothing him with all of the statu-

tory powers as specified in section 73 of the act above mentioned. Thereupon plaintiff in error filed a motion to vacate said decree, which was overruled, and it sued out this writ of error for the purpose, as stated in the praecipe for record, of presenting four questions, as follows:

Whether or not the trial judge erred in rendering his decision giving the plaintiff judgment upon the pleadings in this cause upon the motion of the plaintiff therefor, and appointing a permanent receiver and granting a permanent injunction herein.

Whether or ot it was error on the part of the judge assuming to try said cause to strike out of the answer of defendant paragraphs 8, 9, 10, 11 and 12, and all that portion of paragraph 7 of defendant's answer after the first line thereof, or to strike out any of said paragraphs or any part thereof.

Whether or not such judge erred in not sustaining defendant's motion to vacate said order and decree and allow the defendant to defend said action either with amended answer or otherwise.

Whether or not Hon. Ira A. Abbott, who assumed to try said cause, had any jurisdiction to try the same in chambers when not in attendance upon the Supreme Court and when not assigned to the Fourth Judicial District of said Territory, and when there was a vacancy in the office of the Judge of said Fourth Judicial District.

The first question is the most important, and lies at the foundation of the whole case. The defendant in error, plaintiff below, after alleging the indebtedness to it, alleged:

"That said defendant corporation is insolvent; that defendant has no credit; is unable to settle its current bills as they become due; has permitted notes executed by it to go to protest; has permitted numerous suits to be filed against it by its creditors; has no credit among trading concerns and supply houses with which to replenish its depleted stock."

It further alleged that plaintiff in error was indebted to various other creditors in the sum of $29,500, and, if certain outstanding notes were valid, a further sum of

JANUARY TERM, 1912.　　117

Dept. Store Co. v. Hat Co. ⊥7 N. M. 112

$13,000; that a portion of the stock of merchandise of plaintiff in error was destroyed by fire, and on the succeeding night a second fire occurred in the same portion of the building; that thereafter the insurance companies cancelled all insurance on the stock of goods, and no insurance could be obtained.

Plaintiff in error, in its answer, denied knowledge or information sufficient to form a belief as to its indebtedness to the defendant in error, and alleged that if it did owe the amount claimed a "substantial portion of said amount is not yet due"; denied knowledge or information as to whether demand had been made upon it for the amount due defendant in error; denied specifically the allegations of the complaint in regard to its insolvency, but admitted that its indebtedness exceeded $12,000; admitted that it had applied for insurance, and alleged that before the appointment of the receiver, it "had a reasonably good prospect" of securing insurance; alleged that it was establishing its credit with merchandise houses, and that, if allowed to control its own affairs, it would be able to resume its active business in a short time, and conduct the same for the benefit and advantage of its stockholders and others interested. Other allegations appear in the complaint and answer, which will be noticed later.

The denial of knowledge or information sufficient to form a belief as to the indebtedness and demand for payment, is no denial. These are facts of which the plaintiff in error was necessarily informed, and a denial in this form, under such circumstances, is unavailing. R. R. Co. v. Wertheim, 15 N. M. 505.

We have then, a case alleged and undenied of past-due indebtedness of a corporation; payment duly demanded and refused; and admitted indebtedness of over $12,000 to divers creditors; stock of merchandise and fixtures upon which no insurance could be obtained and in which two successive fires had occurred; and alleged lack of credit, which is denied, but which, later in the answer, is practically admitted by the allegation that plaintiff in error was establishing its credit; pending actions for the collection of current indebtedness admitted in the answer.

It is to be remembered that a preliminary injunction had been granted and a receiver appointed, ex parte, and, upon the filing of the answer the cause was argued and submitted without objection as upon order to show cause. The only showing made by plaintiff in error was the answer. Certain affidavits appear to have been filed with the complaint, but they are not in the record. Upon this state of the case, the court found that issues for the defendant in error, continued the injunction and reappointed the receiver as above stated.

The argument against the action of the court in awarding judgment on the pleadings, proceeds upon the theory that it is necessary to allege and show, not only that plaintiff in error was insolvent in the sense that it was unable to meet its current obligations as they matured, but also that it was "not about to resume its business in a short time thereafter with safety to the public and advantage to its stockholders." It is argued that no allegation of the latter requirement appears in the complaint, and in the answer it is alleged that out of its resources, in a short time it should liquidate all of its liabilities and be in a prosperous condition, and be able to resume its active business with advantage to its stockholders and all others concerned. How this desirable condition of affairs is to be brought about is not shown by the answer. The allegation amounts simply to the expression of an opinion, and presents no facts to the court for consideration.

It is apparent, from the foregoing, that there was no question upon the pleadings as to the insolvency of the plaintiff in error, it being admitted that it was unable to meet its pecuniary obligations as they matured. Empire State Trust Co. v. Trustees of Fisher, 67 N. J. Eq. 602, 60 Atl. 940; Catlin v. Vichachi Mining Co., 73 N. J. Eq. 286, 67 Atl. 194; Rinehard v. Interstate Telephone Co., 71 N. J. Eq. 70, 63 Atl. 107.

But it is correctly urged by plaintiff in error that mere inability to meet pecuniary obligations as they mature is not enough to authorize an injunction and receiver. It has been so held under the New Jersey statute, from which

ours is taken. The insolvency must be found to be of such a character and quality that the corporation will not be able to resume its business with safety to the public and advantage to its stockholders. Atlantic Trust Co. v. Consolidated Electric Storage Co., 49 N. J. Eq. 402; Cook v. East Trenton Pottery Co., 53 N. J. Eq. 29.

No specific allegation of inability to resume business appears in the complaint. It is argued by counsel for plaintiff in error that in this particular the complaint fails to state a cause of action. We do not so understand the complaint. The facts relied upon to show the character of the insolvency are set out in the complaint. To make the further allegation of inability to resume business with safety to the public and advantage to the stockholders in the terms of the statute, would be to add merely a conclusion from the facts already stated, and would add nothing to the complaint. This holding in no way conflicts with the holding in Irrigation Co. v. Lee, et al., 15 N. M. 567. In that case the allegation was: "that the said corporation is insolvent and has suspended its ordinary business for want of funds to carry on the same." No facts showing the character of the insolvency or inability to resume business are stated, and the court, following the New Jersey decisions, properly held the complaint insufficient.

It is further urged by counsel that the facts alleged in the complaint and not denied in the answer, are wholly insufficient to warrant the action of the court in awarding the drastic remedy of injunction and receiver.

Much confusion arises from the fact that counsel in their brief found much of their argument on the allegations of a proposed amended answer which they offered to file, and which contains many allegations of fact not mentioned in the original answer. But, as will be hereafter shown, these allegations cannot be considered in determining the correctness or incorrectness of the action of the trial court. We have carefully considered the pleadings, and, taking into consideration the insolvency of the corporation, the pendency of suits for the collection of

120    SUPREME COURT OF NEW MEXICO,

Dept. Store Co. v. Hat Co. 17 N. M. 112

current indebtedness, the impaired credit, the inability to secure insurance and all the facts appearing, we cannot say that the trial court erred in awarding the injunction and appointing the receiver.

It is to be realized, of course, that such far-reaching power, fraught with such tremendous consequences to the corporation and its stockholders, should be exercised with the greatest care and caution. But where it appears, as we think in this case it does, that the only safety to its creditors and stockholders, lies in the assumption of control of the corporate property by the court, it is the latter's duty to act and enforce the statute.

Counsel for defendant in error seek in their brief to broaden the scope of the motion for judgment on the pleadings, by arguing that such a motion in a proceeding of this kind, necessarily includes the "affidavits, proofs and allegations" of the parties mentioned in section 72 of the act. There is much force in the arguments, for the reason that the hearing is a final hearing upon such showing as the parties may elect to make, of which all litigants must be aware. However, it is unnecessary for us to determine this point, in view of our conclusion upon the facts as shown by the pleadings, proper, viz: Complaint and answer.

The plaintiff in error complains of the action of the court in striking out part of paragraph 7 and all of paragraphs 8 to 12 inclusive, of its answer. Paragraphs 7 to 10 inclusive, relate to the alleged illegal character of certain notes issued by the officers of the corporation, and charge that it is not liable thereon. A sufficient answer to the objection is to say that this indebtedness forms no part of the $12,000 or more of indebtedness admitted to be due. It was therefore immaterial whether the notes were valid or not. Paragraph 11 of the answer charges that the defendant in error was induced to bring the action by one Mendelson, whose purpose was to harass, annoy and injure the plaintiff in error to subserve his own interests. Paragraph 12 of the answer charged this same Mendelson with having further injured the plaintiff in error by filing an action in which he charged the negligence

JANUARY TERM, 1912. 121

Dept. Store Co. v. Hat Co. 17 N. M. 112

of the corporate officers in regard to the two fires, with circulating statements derogatory to its officers, and thus preventing it from obtaining insurance.

Both of these paragraphs are devoted to the question of motive on the part of one Mendelson in causing the action to be brought and in preventing the obtaining of insurance. It is to be remarked that Mendelson was not a party to the proceedings, except as he might be interested as a creditor. But, if he were a party, the question of motive is not material. The question was whether the corporation was insolvent to the extent that it could not resume business with safety to the public and advantage to its stockholders. If it was, it was immaterial what motive prompted the bringing of the action. McMullen v. Electric Mfg. Co., 68 Atl. 97. Catlin v. Vichachi Mining Co., 67 Atl. 196.

The court was right in striking the paragraph from the answer.

Counsel for plaintiff in error complain of the action of the court in refusing to vacate the decree and allow it to defend by amended answer, or otherwise. They overlook, it seems to us, a controlling principle which governs in these cases. This principle is that the hearing, in this class of cases, is a summary one at which the parties are at liberty to make such showing by way of affidavits, proofs and allegations as they see fit. The hearing is necessarily a final hearing and the judgment is final, and can only be reviewed upon appeal or error. Irrigation Co. v. Lee, et al., 15 N. M. 567. No right to plead over exists. Pierce v. Old Dominion Mining & Smelting Co., 58 Atl. 319.

The fourth question presented is disposed of by the case of Mays v. Bassett, et al., decided at this sitting.

We find no error in the record, and for the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.

Roberts, Chief Justice, having been of counsel in the court below did not participate in this proceeding.