BERGMANN, Respondent, vs. ROLL and another, imp.,
Appellants.

*January 12—February 7, 1928.*

*Bills and notes: Liability of guarantor of mortgage: When indorser discharged: Waiver of notice of nonpayment: Payment in part by person primarily liable: Effect on secondary liability: Pleading: Necessity of alleging facts relied on as waiver.*

1. Where the liability of a defendant, if any, was in his undertaking to guarantee and stand back of a mortgage, and nowhere was the note secured by such mortgage mentioned, the complaint in an action on the note against the makers, an indorser, and such defendant was demurrable for misjoinder of causes of action.  pp. 123, 124.

2. While under the Uniform, Negotiable Instruments Act (sec. 116.68, Stats.) an indorser is a person who places his signature on an instrument otherwise than as maker, drawer, or acceptor, one may become an indorser by placing his name on a strip of paper called an allonge, which may be attached to the instrument when the back thereof is covered by indorsements or other writing.  p. 124.

3. Where a defendant indorsed the note, the complaint in an action thereon against the makers and indorser which did not allege presentment, demand, and notice of nonpayment was demurrable as to such indorser, since an allegation in the complaint that defendants. made payments on the obligation will be construed to refer only to payments made by defendants primarily liable.  p. 125.

4. Payment, to amount to a waiver of presentment, demand, and notice of nonpayment, must have been made by a party with full knowledge of the facts and circumstances.  p. 125.

5. Where a party seeks to excuse actual presentment, demand, and notice of nonpayment on the ground that they have been waived by the party he seeks to charge, he must plead the facts.  p. 126.

6. Since sub. (2), sec. 263.03, Stats., requires plaintiff to set forth a plain and concise statement of the facts constituting each cause of action, the pleader does not comply therewith when, in order to sustain the pleading, inferences based on inferences must be resorted to to spell out the indispensable allegations of fact.  p. 126.

7. Where an action on a note due October 1, 1919, was. begun on May 2, 1927, and the indorser and a guarantor were made parties defendant, and there was no allegation of payment by

defendants secondarily liable, the complaint showed on its face that a claim against them was barred by the limitation of sub. (3), sec. 330.19, Stats. p. 127.

8. Payments made by the makers of a note do not toll the statute as to those secondarily liable on the instrument.   p. 127.

APPEALS from an order of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge. *Reversed.*

Action on promissory note.   This action was begun on the 2d day of May, 1927, and the order from which the appeals were taken was entered on July 2, 1927.

The complaint is as follows:

"The complaint of the plaintiff, by Rubin, Zabel & Rouiller, his attorneys, alleges:

"I.   That on or about the 1st day of October, 1918, the above named defendants, Mike Puhl and Moniga Puhl, did execute their note to said plaintiff in consideration of the sum of five thousand dollars ($5,000) to them in hand paid by said plaintiff in the manner and form as hereinafter alleged, and that the payment of said note was guaranteed by said defendants, *Richard Roll* and *Richard Roll, Jr.,* in this, that the said *Richard Roll* indorsed said note, and the said defendant *Richard Roll, Jr.,* by a separate writing guaranteed said note, and which said guaranty was attached to said note, and which was accepted as such guaranty by plaintiff, of which he, the said defendant, *Richard Roll, Jr.,* had notice.

"II.   That from and after the making of said note and up to and until October 1, 1926, the said defendants made payments thereon and such payments were indorsed on the back of said note.

"III.   That a copy of the face of said note is hereto attached and marked Exhibit 'A;' that a copy of the back of said note and all indorsements thereon is hereto attached and marked Exhibit 'B;' that a copy of the guaranty attached to said note is hereto attached and marked Exhibit 'C.'   That all of said exhibits are made a part and portion of this complaint as though embodied herein.

"IV.   That on April 1, 1927, there became due and owing on said note the sum of five thousand one hundred fifty dollars ($5,150), and although due demand was made therefor

the said defendants have neglected and refused to pay the same or any part thereof.

"V. That the said plaintiff during all the times herein alleged was and still is the lawful owner and holder of said note for value, and entitled to the payment thereof.

"Wherefore said plaintiff demands judgment against said defendants for the sum of five thousand one hundred fifty dollars ($5,150), with interest from and after April 1, 1927, together with the costs of said action.

"RUBIN, ZABEL & ROUILLER,

(Verification)                    "Plaintiff's Attorneys."

"Exhibit 'A.'   Mortgage Note.   Form 359.

"$5,000.              Hustisford, Wis., Oct. 1, 1918.   19—.

"One year . . . after date, for value received, we promise to pay to the order of August Bergmann at Hustisford, Wis., five thousand . . . dollars, with interest at the rate of $5\frac{1}{2}$ per cent. per annum after date.   Interest payable semi-annually.

"This note is secured by mortgage on real estate of even date herewith.

"P. O. address, ——.                    MIKE PUHL.

"No. ——.   Due ——, 19—.              MONIGA PUHL."

Exhibit "B" is not copied.   The dates of these payments are immaterial.   First payment "10/7/1919.   $275.   Int. paid to 10/1/1919;" last payment "10/26/1926.   $150. Int. paid to Oct. 1, 1926."   Total payments $2,400.

"Exhibit 'C.'

"Edgar Boeing, President.       Richard Roll, Cashier.
"The Hustisford State Bank.   Capital $25,000.

"Hustisford, Wis. Oct. 18, 1918.

"August Bergmann, Watertown, Wis.

"Dear Sirs: I have at hand your letter of the 17th in reference to the Puhl mortgage of $5,000 which I sold you. My father and I will both sign this and guarantee the same if you want us to, as the mortgage is absolutely good.   I hustled the papers out and in fact forgot to sign the same. You can attach this letter until I get down there as your guarantee as I stated we stand back of the mortgage so you need not worry in the least.

"Yours truly,   RICHARD ROLL, Jr."

The defendants *Roll* separately demurred on the grounds, first, that several causes of action had been improperly united; second, that it appears upon the face of the complaint that the action was barred by the statute of limitations, particularly sub. (3) of sec. 330.19; third, that the complaint did not state facts sufficient to constitute a cause of action.

From the order overruling the demurrers, each of the defendants *Roll* appeals.

For the appellants there was a brief by *Skinner & Thauer* of Watertown, attorneys, and *Frank T. Boesel* of Milwaukee, of counsel, and oral argument by *Nicholas Thauer, Richard C. Thauer,* and *Frank T. Boesel.*

For the respondent there was a brief by *Rubin, Zabel & Rouiller,* attorneys, and *Harold W. Hartwig,* of counsel, all of Milwaukee, and oral argument by *Mr. Hartwig.*

ROSENBERRY, J.   The contention that there is a misjoinder of causes of action is based upon the proposition that the makers, the indorser of a promissory note, and guarantor of a mortgage securing the note, cannot be joined in one action. *Cottrell v. New London F. Co.* 94 Wis. 176, 68 N. W. 874; *Midland T. C. Co. v. Illinois S. Co.* 163 Wis. 190, 157 N. W. 785.   See, also, *Schultz v. Wise,* 93 Neb. 718, 141 N. W. 813; *Wolf v. Eppenstein,* 71 Oreg. 1, 140 Pac. 751; *Bowen v. Clark,* 25 Oreg. 592, 37 Pac. 74; *Graham v. Ringo,* 67 Mo. 324.   This contention is met by the plaintiff with the proposition that *Richard Roll, Jr.,* is an indorser and not a guarantor.   The liability of *Richard Roll, Jr.,* if any, is such as he incurred by reason of the writing and sending of the letter of October 18, 1918, Exhibit C.   It is alleged in the complaint that he "guaranteed said note, and which said guaranty was attached to said note," and it is argued that thereby he became an indorser.

There are two answers to this contention.   First, by the language of Exhibit C, *Richard Roll, Jr.,* undertook to

guarantee and stand back of the mortgage. He nowhere mentions the note. Giving this language its broadest possible construction, it can be interpreted to mean no more than that *Richard Roll, Jr.,* undertook to make good any deficiency there might be after the foreclosure of the mortgage and the application of the proceeds of the mortgage sale to the note. So that by the terms of the instrument itself he was a guarantor and not an indorser. Second, the plaintiff wholly misconceived the effect of attaching a separate document, executed subsequently to the making and delivery of a promissory note, to the note itself.

By sec. 116.68, Stats. (Uniform Negotiable Instruments Act), an indorser is defined as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The only exception to the rule that an indorser becomes such only by placing his signature upon the instrument is that where the back of the instrument has been covered by indorsements or other writing, leaving no room for further indorsements, a strip of paper called an allonge may be attached to the instrument and subsequent indorsements may be written thereon. When these conditions are complied with the writing upon the allonge has the same effect as if it were made upon the instrument itself. *Crosby v. Roub,* 16 Wis. 616; *Osgood's Adm'rs v. Artt,* 17 Fed. 575; *Bishop v. Chase,* 156 Mo. 158, 56 S. W. 1080; *Commercial S. Co. v. Main St. Pharmacy,* 174 N. C. 655, 94 S. E. 298.

It appearing, therefore, that if *Richard Roll, Jr.,* had any liability it was that of a guarantor and not that of an indorser, as to him there was an improper joinder of causes of action and the demurrers as interposed on that ground should have been sustained. Whether he is liable as a guarantor, no acceptance having been alleged and no consider-

ation stated, are questions not now properly before us and are not passed upon.

*Richard Roll* having signed his name upon the back of the instrument was an indorser within the terms of the section previously quoted. On his behalf it is contended that he is discharged, first, because there is no allegation as to presentment, demand, and notice of nonpayment. The plaintiff meets this contention by saying that it is alleged in the complaint that the defendants made payments on the note. The allegation is as follows: "That from and after the making of said note and up to and until October 1, 1926, the said defendants made payments thereon and such payments were indorsed on the back of the note." There are four defendants, two of whom were *prima facie* primarily liable upon the instrument. The other two defendants, if liable at all, are secondarily liable. We are asked to construe the allegation that payments were made by the said defendants to mean that there was a joint payment although the defendants were liable in different relations and the liability was several, not joint. *Boyd v. Beaudin,* 54 Wis. 193, 11 N. W. 521. We incline to the view that such an allegation as this, where there is not a joint liability, should not be construed to allege a joint payment, and, in the absence of any showing to the contrary, that the allegation should be interpreted to mean that the payments were made by those primarily liable upon the instrument, that is, by the parties from whom payment was due, and not by a party who is shown not to be liable by the remaining allegations of the complaint.

As to the defendant *Richard Roll* the allegation of a payment is not sufficient to amount to a waiver. In order to amount to a waiver, payment must have been made with full knowledge of the facts and circumstances. *Knapp v. Runals,* 37 Wis. 135; 29 L. R. A. 314, note. If payment has been made in ignorance of the fact that demand was not made and notice given, it has been held that an indorser may recover

back the money so paid. *Garland v. Salem Bank,* 9 Mass. 407, 6 Am. Dec. 86.

Where a party seeks to excuse actual presentment, demand, and notice of nonpayment on the ground that the same have been waived by the party he seeks to charge, he must plead the facts. 8 Corp. Jur. § 1190 and cases cited.

If there were a definite allegation here that the payment was made by *Richard Roll,* it might be presumed therefrom that it was made with notice that there was no presentment, demand, and notice of nonpayment. To reach this conclusion we are required to infer, first, that the payment was made by *Roll;* second, that it was made by him with full knowledge of all the facts and circumstances; in other words, to base an inference upon an inference. It has been said that an inference upon an inference will not be permitted. *U. S. v. Ross,* 92 U. S. 281. See cases collected in 1 Wigmore on Evidence (2d ed.) p. 258, § 41. Mr. Wigmore attacks this proposition in his characteristic manner, saying:

"The judicial utterances that sanction the fallacious and impracticable limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein ruled upon." Vol. 1, p. 260, § 41.

This view has been indorsed. See *Hinshaw v. State,* 147 Ind. 334, 47 N. E. 157; *State v. Fiore,* 85 N. J. L. 311, 88 Atl. 1039.

We shall not enter upon a discussion of what are facts and what are inferences and when an inference is properly supported by an inference. The Code requires the plaintiff to set forth "a plain and concise statement of the facts constituting each cause of action." When, in order to sustain a pleading, the pleader must resort to inferences based upon inferences to spell out the indispensable allegations of fact, it is held that the pleading is not in compliance with the statute, especially so where the pleading is promptly challenged by demurrer.

Bergmann v. Roll, 195 Wis. 120.

There being no allegation that there was presentment, demand, and notice of nonpayment and no allegation of the payment by *Richard Roll* with full knowledge of the facts and circumstances, it appears from the allegations of the complaint that *Richard Roll* was discharged as an indorser and the demurrers should have been sustained upon that ground.

There being no allegation of payment by those secondarily liable upon the instrument, it clearly appears upon the face of the complaint that any claim that plaintiff may have against the defendants secondarily liable is barred by the statute of limitations (sub. (3), sec. 330.19), and the demurrer should have been sustained upon that ground. Payments made by a maker do not toll the statute as to those secondarily liable on the instrument. *State Bank v. Pease,* 153 Wis. 9, 139 N. W. 767; sec. 330.47, Stats. If payment by one of a number who are jointly liable does not toll the statute as to those liable with him, it certainly cannot do so when the payor is one of a number who are severally liable.

We cannot escape the feeling that if a small part of the skill and learning displayed here in an endeavor to support the plaintiff's complaint had been expended in the drafting of the complaint, the whole controversy might long since have been disposed of upon the merits.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to sustain the demurrers and for further proceedings according to law.