[No. 3507.   March 2, 1931.]

KEMPNER v. McMAHAN et al.

[296 Pac. 802.]

W. C. Whatley, of Las Cruces, for appellant.

Edward D. Tittman, of El Paso, Tex., for appellees.

OPINION OF THE COURT

PARKER, J.

Plaintiff and appellant, H. Kempner, brought an action in the district court of Dona Ana county. He submitted no proof except a deposition which, upon objection, was disallowed by the court and was withdrawn by the plaintiff. So the case stands upon the pleadings, with no proof on either side. A jury had been impaneled for the trial of the case.

The complaint was filed on July 21, 1928; on April 26, 1929, a motion for judgment by default was filed against V. C. Collier, individually, and V. C. Collier & Co., a partnership composed of V. C. Collier and one W. E. McMahan, the latter having appeared and answered for himself. This answer of. McMahan does not undertake to answer for or in behalf of the partnership. This motion

for default was not acted upon until final judgment on October 7, 1929, when judgment by default was rendered against said Collier and denied as to said V. C. Collier & Co. In this the court below committed error. The partnership was sued as such, and process was served upon each of the partners. No appearance or answer was filed for or on behalf of the partnership, which was consequently in default at the time of the motion for the default judgment. There seems to be in the mind of counsel for appellee a misapprehension of the holding in Good v. Red River Valley Co., 12 N. M. 245, 78 P. 46, from which he makes a quotation and draws the inference that a plaintiff may sue the individual partners as individuals, or he may sue the partnership as such, but that he may not sue both. This is not the holding in the case of Good v. Red River Valley Co., and indeed we could not so hold in the face of the statute which directly provides that a partnership may be sued as such, and service of process may be made upon one of the partners which will bind both the partnership assets and those of all partners served with process or appearing.

Appellant moved to strike the answer of the defendant McMahan for want of proper verification. This the court refused, and permitted the same to be properly verified. The defect in the verification consisted in the omission of the date by the notary of the signature and verification. We can see no objection to the action of the court in permitting the verification.

Appellant urges that the answer of McMahan tendered no issuable fact; it being upon information and belief concerning matters, it is argued, which were necessarily within the knowledge of defendant. Defendant admitted the partnership of himself and Collier. It appears that the business of the firm was that of buying and selling cotton in the Mesilla Valley at and around Las Cruces, N. M., and that they shipped to appellant at Galveston, Tex., various lots of cotton aggregating 846 bales upon sight drafts and bills of lading attached. Appellant alleges that, upon the arrival of said cotton in Galveston, he had the same reweighed, graded, and classed, and found he had overpaid defendant the sum of $1,885.87, for which sum

he brought action. How it could be said that the defendant could have any knowledge of what took place in Galveston, we cannot understand. This situation certainly admitted of a denial upon information and belief, as the court below held.

It follows that the court was in error in refusing to grant a default judgment against V. C. Collier & Co., and for that reason the case will be remanded, with directions to enter said judgment, and it is so ordered.

SADLER and HUDSPETH, JJ., did not participate.

WATSON, J. (concurring).

I concur in the result, but not entirely in the opinion.

Plaintiff, a Galveston cotton buyer, sued V. C. Collier & Co., a copartnership, and V. C. Collier and W. E. McMahan, the individual partners, alleging that these defendants sold him certain cotton and so invoiced it as to weights and grades that, in taking up the drafts attached to the bills of lading, he largely overpaid defendants. All defendants were served, but neither the copartnership nor Collier appeared. A motion was filed for default judgment as against these two, but it was not brought on for hearing, and no action was taken until the motion was renewed at the trial.

Defendant McMahan answered and demanded a jury. The cause came on for trial, and a jury was impaneled. Plaintiff offered depositions in evidence, but on objection withdrew them. He then moved that the answer of defendant McMahan be stricken because not properly verified. A counter motion was made for leave to correct the verification by amendment. This was granted, and the motion to strike was thereupon overruled. Plaintiff then moved for judgment by default and on the pleadings against defendants the partnership and Collier. This motion was granted as to Collier but denied as to the partnership. Plaintiff then moved for a directed verdict against defendant McMahan on the ground that the allegations of the answer constituted no denial of the allegations of the complaint. This motion was overruled, and plaintiff announced that he would stand upon his various

motions. Judgment was thereupon rendered for defendants McMahan and the partnership, and against defendant Collier.

Plaintiff appeals and specifies three points upon which he relies for reversal, viz.:

(1) The court erred in denying plaintiff's motion for a directed verdict as against defendant McMahan.

(2) The court erred in denying plaintiff's motion for judgment by default against defendant partnership.

(3) That the court erred in denying plaintiff's motion to strike defendant McMahan's answer for want of verification.

Did the court err in overruling the motion for a directed verdict against defendant McMahan? The ground stated below and here urged is failure to deny the allegations of the complaint.

The answer admitted the partnership, but alleged that business had been done principally by Collier, that the partnership books had been kept by Collier's wife, and that McMahan was not in possession of them. It alleged that defendant McMahan had no personal knowledge or information regarding any of the matters set forth in the bill of particulars or whether they were in truth partnership transactions; that he had no knowledge or information as to the true weight and staple of the cotton sold or the prices agreed upon, or as to whether the partnership had been overpaid.

Appellant urges, and appellees do not question, the general proposition that a pleader may not deny knowledge or information concerning an allegation the truth of which is necessarily within his own knowledge. So it stands practically admitted that McMahan's denial of knowledge or information as to the transaction of sale and purchase is not good. As a partner, knowledge is imputed to him. But appellees contend that it is good as to what took place in Galveston, where the goods were delivered to the plaintiff, the reweighing and reclassification on which the claim of overpayment is based. Those matters, they contend,

were exclusively within the knowledge of appellant's employees and were accordingly matters concerning which the defendant could deny knowledge or information. The trouble with this is that defendant McMahan did not plead himself within the principle. He denied individual knowledge or information, but he did not deny that Mr. Collier, his copartner, or some other agent of the partnership, had such knowledge or information. Mr. Collier's knowledge and information would be as binding upon McMahan as would knowledge or information of his own. Bearing in mind that in this case McMahan's liability depended entirely upon the partnership liability, every allegation of the answer was perfectly immaterial, and the answer as a whole set forth no defense whatever.

But this does not go far enough. It establishes that appellant could have moved successfully for judgment on the pleadings. But he did not. He went to trial and raised the question only after he had attempted and failed to prove the allegations of his complaint. The question immediately arises whether he did not thus waive the objection which he finally raised by motion for directed verdict. See 49 C. J. 685; 1 Bancroft's Code Pleading, 1012; 1 Sutherland's Code Pleading, 931 et seq. It is probable that the trial court's ruling was based upon the theory of waiver. Appellant has taken no notice of this point, and it is not for this court to pursue it independently.

Did the court err in denying plaintiff's motion for judgment by default against the copartnership? It is not questioned that the partnership was named as a defendant, or that it was served; nor is it claimed that it made any appearance. Why should judgment not have gone against it?

Appellees say that the court construed 1929 Comp. § 105—111, as authorizing suits against partnerships as such, or suits against the individual partners, but as not authorizing a suit against both the partnership and the partners. As supporting that construction, he cites Good v. Red River Valley Co., 12 N. M. 245, 78 P. 46.

The argument runs thus:

"Let us see how in this case it would work out if appellant were correct. We would then have a judgment in favor of defendant McMahan, denying the claim of plaintiff, and at the same time we would have a judgment against the firm which could be enforced against the property of McMahan, he being 'one of such members as have appeared or been served with summons.' "

Appellee here assumes, what may or may not be true, that judgment against the partnership would nullify the judgment for McMahan. Another view suggests itself, viz. that, as the result of the two judgments, McMahan would be liable to the extent of his interest in the firm assets and no further. This we leave an open question.

The dictum in Good v. Red River Valley, supra, is not controlling, but we need not and do not say that it is unsound. In the ordinary case, individual liability is a consequence of partnership liability. No situation occurs to us in which, as a matter of substantive law, there could be adjudged a liability of the partnership and a nonliability of an ostensible partner. In such case there is no apparent advantage in suing both partnership and partners. But, in finally deciding as to the rule, we must keep in mind possible cases in which there might be an individual liability but no partnership liability.

That inconsistent judgments may result as in this case is not a controlling consideration. If the partnership and the partners had been in the same procedural situation, judgments must have been rendered either favorable or adverse to all.

Whatever the true rule may be, we can see no reason why it should operate in this case to deprive appellant of his judgment against the partnership. If, as suggested in the Good Case, the plaintiff must elect whether he will pursue the partnership as such or the individual members thereof, it will not matter in this case, because plaintiff was not put to an election. It was at the most a misjoinder of parties defendant; a matter which appeared upon the face of the complaint; the proper subject-matter of a demurrer and which is waived by a failure to demur. 1929 Comp. §§ 105—411, 105—415.

Under our liberal rules as to amendments, the trial court was clearly right in permitting amendment of the answer at the trial to avoid striking it for want of verification.

BICKLEY, C. J.

I concur in this opinion.