**28 P.(2d) 1042.**

## HALLOWELL & BROWNLEE v. BENITZ et al.

### No. 3848.

Supreme Court of New Mexico.

Jan. 22, 1934.

Edwin Mechem, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, for appellees.

BICKLEY, Justice.

In a suit by appellant upon a note upon which appellee Luchini was an indorser sought to be charged, the cause was dismissed as to the defendant Luchini.

The complaint, among other things, alleged that at the maturity of the note plaintiff presented the note at the place of payment designated therein, namely, at the office of the First National Bank, Hatch, N. M., and demanded payment of the same, but said note was not paid:

The action of the court in dismissing the case as to defendant Luchini is the error complained of on this appeal.

Appellee asserts that presentment and demand and dishonor or legal excuse for failure to present, or waiver, expressed or implied, upon the part of the indorser, must be shown in order to charge the indorser. Appellant does not challenge this principle but says:

First, that the defendant Luchini by answering the allegations of the complaint by denial on information and belief raised no issue and the allegations thus denied must be admitted, citing Chicago, R. I. & E. P. R. Co. v. Wertheim, 15 N. M. 505, 110 P. 573, 30 L. R. A. (N. S.) 771, Ann. Cas. 1912C, page 148. The annotation to this case in Ann. Cas. 1912C, 149, suggests that there is a distinction between the effect of a denial on information and belief and a denial as in this case of knowledge or information sufficient to form a belief. However, the distinction, if any, has not been observed here as is indicated in Department Store Co. v. Hat Co., 17 N. M. 112, 125 P. 614, and we will not

pursue the subject for the reason that it is not apparent that the facts of presentment for payment to the maker at the time and place designated and dishonor were necessarily within the knowledge of the indorser Luchini. So we find this point of appellant to be without merit. See Kempner v. McMahan, 35 N. M. 313, 296 P. 802.

Appellant's second contention is that the undisputed evidence shows that due demand and presentment were made. This is vigorously challenged by appellee Luchini. No specific finding of fact was requested or made by the trial court on this subject. We have examined the record, however, and are in disagreement with appellant.

 Lastly, appellant asserts: "The undisputed evidence in the case shows that the defendant waived demand and presentment." This seems to be appellant's main reliance. Appellee while challenging the correctness of the statement says that this point should not be considered by this court because presented for the first time on this appeal.

We do not find the question of waiver hinted at in the pleadings. "Where a party seeks to excuse actual presentment, demand, and notice of nonpayment on the ground that the same have been waived by the party he seeks to charge, he must plead the facts." Bergmann v. Roll, 195 Wis. 120, 217 N. W. 746, 748, 56 A. L. R. 915, citing 8 C. J., Bills and Notes, § 1190. The reasons for this rule are set forth in Pier et al. v. Heinrichoffen et al., 52 Mo. 333, and Lumbert & Co. v. Palmer, 29 Iowa, 104. In Standard Encyclopedia of Procedure, p. 269, it is said: "In an action against an indorser the declaration must aver demand of payment from the maker, his refusal to pay and notice to the indorser, either directly or by stating facts showing the equivalent thereof or by excusing them." In a note to the foregoing text it is said: "Whether the demand and notice were waived was not in issue. The petition alleged demand and notice, not waiver thereof. To be of any avail a waiver must be pleaded."

Appellant cites some early decisions presenting a contrary view. Most were apparently rendered prior to the adoption of the system of code pleading. The Missouri and Iowa decisions cited, supra, approach their holdings in view of the Codes which they say altered the situation. The Missouri court said:

"It may be conceded, that at common law this petition would be sufficient; that the averment would be sustained by proof of any state of facts showing an excuse according to the custom of merchants, by proof of facts which dispense with actual demand and show due diligence, without stating them specifically in the pleading.

"Is this good pleading however under our Code? For not only the forms of pleading, but the rules by which the sufficiency of pleadings, except where otherwise specially provided, are to be determined and prescribed by our Practice Act. (2 W. S., § 1, p. 1012.)

"As the vice of the old system of pleadings was its prolixity, its general averments, and general issues, and the delay and expense in-

separable from it, the new system (or the modifications of the old) which we have adopted has little claim to be considered a *reform,* unless it avoids such defects and furnishes rules, by which the great object of all pleadings is better attained, namely, to arrive at a material, certain and single issue. Hence, the great improvement of our Code consists in requiring the pleadings to contain a plain and concise statement of the *facts, constituting* a cause of action, or matter of defense. (2 W. S., 1013, § 3; and 1015, § 3.) Facts, and not evidence, nor conclusions of law, must be distinctly stated. Every fact, which the plaintiff must prove to maintain his suit, is *constitutive* in the sense of the Code, and must be alleged. Facts, which dispense with the necessity of making demand of payment and giving notice to the indorser, are as essential to the plaintiffs' right of recovery, as the fact that the defendant indorsed the note, or that it was executed and delivered by the maker, or that plaintiff is the holder. And the defendant has the right to controvert the one or the other in his answer. He should therefore be informed by proper averments in the petition, what facts are relied on to charge him, so that he may have an opportunity to controvert them. Such an allegation of demand of payment at *maturity,* and due *notice* thereof to the indorser, could give no intimation to the defendant of the nature of the evidence, by which the plaintiff proposed to sustain it. He could only know, that he received no notice; but of what steps if any were taken to give it, or of the causes of the failure to give it, or of the facts relied on to excuse the want of it he of course is presumed to have no knowledge. These are matters within the knowledge peculiarly of the plaintiff, which he should allege in his pleading, and prove. He alleges facts, the legal *effect* of which if true could charge the defendant; but he claims, that he should be allowed to sustain this allegation by facts of a totally different character, not alleged in his petition, because the same legal consequences would follow."

Having found that the evidence in the case at bar did not prove the allegations in the complaint with respect to presentment and demand, we will not under this record inquire whether the evidence was sufficient to show a waiver thereof. Questions not presented to the lower court will not ordinarily be considered on appeal. See Decennial Digests, Appeal and Error, ☜169.

Finding no reversible error in the record, the judgment will be affirmed and the cause remanded, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.